**KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN LLP**

Law Offices
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

David Rudovsky
Paul Messing
Jonathan H. Feinberg
Susan M. Lin
Ilene Kalman (1985-1996)
David Kairys
　Of Counsel
Tanya Alexander
　Office Manager

Phone  (215) 925-4400
Fax      (215) 925-5365
slin@krlawphila.com

www.krlawphila.com

May 24, 2024

Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

　　Re:　*United States v. Jackson,* No. 23-1707

Dear Ms. Dodszuweit:

　　Mr. Jackson respectfully submits this letter brief addressing the questions raised by the Court in its May 6, 2024 letter.

## 1. Because the district court's factual findings establish that the evidence recovered was the fruit of the unlawful stop and frisk of Mr. Jackson, a remand for additional findings is not necessary.

　　The district court's undisputed factual findings establish that the evidence recovered from the car and the cell phones constituted the fruit of the unconstitutional seizure and frisk of Mr. Jackson and, therefore, no remand is necessary for this determination.

　　When the relevant facts are not in dispute, this Court resolves legal issues on appeal without a remand to the district court. *See Beck v. Reliance Steel Products Co.*, 860 F.2d 576, 581 (3d Cir. 1988) (when no material facts are in dispute and the Court's review is plenary, no need for a substantive determination on remand and the Court may make a complete disposition of the case); *United States v. Emanuele*, 51 F.3d 1123, 1129 (3d Cir. 1995) ("[B]ecause the factual record is complete and uncontroverted . . ., we need not remand for further fact-finding. We will apply the appropriate standard to the undisputed facts."); *Hudson United Bank*

*v. LiTenda Mortg. Corp.*, 142 F.3d 151, 159 (3d Cir. 1998) (same); *United States v. Williams*, 917 F.3d 195, 205 (3d Cir. 2019) (remand for a hearing is not required if the answer is so clear that no purpose would be served by a remand).

The exclusionary rule applies to evidence seized during an unlawful search as well as derivative evidence that is the product of the primary evidence seized or that is acquired as a result of the unlawful search. *United States v. Dupree*, 617 F.3d 724, 730 n.5 (3d Cir. 2010) (citing *Murray v. United States*, 487 U.S. 533, 536-37 (1988)); *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1984) ("[E]vidence seized during an unlawful search could not constitute proof against the victim of the search. . . . The exclusionary prohibition extends as well to the indirect as the direct products of such invasions.").

Here, the facts necessary to determine what evidence is subject to suppression have been found by the district court:

- Deputy Baker recovered the gun from the backseat of the car as a result of the frisk of Mr. Jackson. Appx006-007 (¶¶10-11).
- While inside the rear area of the car recovering the gun, Deputy Baker smelled marijuana. Appx007 (¶ 14).
- Because the odor of marijuana was more potent towards the back of the car, Deputy Baker believed that there was marijuana in the trunk and the officers searched the trunk where they recovered some of the evidence Mr. Jackson seeks to suppress. Appx007-008 (¶ 15).
- Based on the evidence recovered from the trunk, investigators obtained search warrants for the cell phones of Mr. Jackson's co-defendants in which they found additional evidence that Mr. Jackson seeks to suppress. Appx008 (¶ 16).

The government did not dispute these factual findings, *see* Gov't Resp. at 10-12, and they were consistent with the government's argument that the search of the trunk resulted from the discovery of Jackson's firearm magazine and the firearm as well as the smell of marijuana inside the passenger compartment. Appx069.

These undisputed facts demonstrate that the evidence in the trunk and the cell phones was discovered as a result of the illegal frisk of Mr. Jackson. The frisk led to the discovery of the magazine, which led to the recovery of the gun inside the back passenger compartment of the car, which led to the smelling of marijuana from inside the car, which led to the search of the trunk, which led to the evidence

in the trunk being recovered, which led to the affidavit of probable cause supporting the warrants to search the contents of the cell phones. As the existing record already establishes what evidence was fruit of the unconstitutional seizure and search of Mr. Jackson, there is no need to remand for the district court to make this finding.

**2.    By failing to introduce in the district court any evidence that would support an exception to the exclusionary rule and by failing to raise any such exception on appeal, the Government forfeited this argument.**

The government has forfeited any argument regarding an exception to the exclusionary rule. In its written submissions to the district court, the government mentioned in passing a single exception to the exclusionary rule, inevitable discovery based on an inventory search. Appx069, 088. No other exception to the exclusionary rule was raised. The government then failed to discuss inevitable discovery or present any evidence related to an inventory search at the suppression hearing. The government also failed to present this argument on appeal in its response brief. Therefore, the government has forfeited and waived any argument that the exclusionary rule should not apply.

The government bears the burden of establishing any exception to the exclusionary rule, such as attenuation, inevitable discovery, independent source, or the good faith exception. *United States v. Mosley*, 454 F.3d 249, 269 (3d Cir. 2006); *United States v. Wrensford*, 866 F.3d 76, 88 (3d Cir. 2017). The government's failure to raise and develop inevitable discovery or some other suppression exception constitutes waiver or forfeiture of that argument. *United States v. Dupree*, 617 F.3d 724, 729 (3d Cir. 2010) (government's failure to argue at suppression hearing that exclusionary rule should not apply amounted to waiver of issue); *see also United States v. Anderson*, No. 20-50345, 2024 WL 1920298 *3 n.1 (9th Cir. May 2, 2024); *United States v. Perez*, 30 F.4th 369, 376 n.9 (4th Cir. 2022); *United States v. Leo*, 792 F.3d 742, 748-49 (7th Cir. 2015); *United States v. Edwards*, 632 F.3d 633, 641 n.8 (10th Cir. 2001).

There is no reason to overlook the government's forfeiture.[1] In the district court, Mr. Jackson's written motion provided notice of the items sought to be

---

[1] The government cannot be categorically protected from forfeiting arguments in suppression hearings. *United States v. Dowdell*, 70 F.4th 134, 146 (3d Cir. 2023); *see also United States v. Bradley*, 959 F.3d 551, 556 (3d Cir. 2020) (government forfeited argument about voluntariness of defendant's pre-*Miranda* statements).

suppressed as fruit of the poisonous tree. Appx055, 058. In response, the government, demonstrating its awareness of the need to address exceptions to the exclusionary rule, referenced inevitable discovery in a single sentence and footnote. *Id.* An argument made in passing or in a footnote is not sufficient to preserve an issue. *Prometheus Radio Project v. FCC*, 824 F.3d 33, 53 (3d Cir. 2016); *John Wyeth & Bro. Ltd. V. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). Moreover, the government failed to present argument or evidence regarding inevitable discovery to the district court at the suppression hearing, even after defense counsel pointed out that no evidence regarding impoundment or an inventory search had been presented.[2] Appx345.

The government's failure to present evidence of inevitable discovery before the district court, combined with the government's failure to raise inevitable discovery in its brief before this Court, forecloses arguments regarding exceptions to the exclusionary rule.

**3.    If the Court were to remand for the district court to address what evidence constitutes fruit of the unconstitutional conduct or any exceptions to the exclusionary rule, the record should not be reopened.**

Even if the Court were to remand for the district court to determine either what evidence constitutes fruit of the unconstitutional conduct or any exception to the exclusionary rule, there is no basis to permit a reopening of the record. Courts "should be extremely reluctant to grant reopenings." *United States v. Kithcart*, 218 F.3d 213, 219 (3d Cir. 2000) (holding that district court erred in allowing the government to reopen the suppression hearing and relitigate the suppression motion). As a general matter, "where the government has the burden of production and persuasion . . . its case should ordinarily have to stand or fall on the record it makes the first time around. It should not normally be afforded 'a second bite at the apple.'" *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995) (internal citation omitted).

---

[2] The burden is on the government to show that the criteria for an inventory-search exception to the warrant requirement are met. *Anderson*, 2024 WL 1920298 *5-6. The government must show that the vehicle would have been impounded and searched as part of a standard procedure designed for purposes of producing an inventory and not for investigative purposes. *Id. See also United States v. Vasquez de Reyes*, 149 F.3d 192, 194-95 (3d Cir. 1998).

  In order to justify re-opening the record, this Court has "placed emphasis on the need for an adequate explanation of the failure to present the relevant evidence earlier." *United States v. Coward*, 296 F.3d 176, 181 (3d Cir. 2002). There has been no change in law, the legal principles were not "unclear or ambiguous," and there has been no discovery of previously unavailable evidence. *See Coward*, 296 F.3d at 182. Further, the government was on notice that the exclusionary rule and exceptions thereto were of relevance to the suppression motion. *Supra* Section 2. Without an adequate explanation for the failure to argue and present evidence of exceptions to the exclusionary rule, there is no justification for re-opening the record and giving the government a second bite at the apple.

  While the decision on whether the re-open the evidentiary record is usually at the discretion of the district court, *Kithcart*, 218 F.3d at 219, where there is no adequate reason to reopen the record and the factual findings that have already been made on the record are sufficient to determine the issues at hand, this Court has remanded without an expansion of the record. *See, e.g., Kithcart,* 218 F.3d at 221; *United States v. Allen*, 804 F.2d 244, 248 (3d Cir. 1986). Indeed, at the oral argument, the government stated there was no reason to reopen the record.[3]

  For the reasons stated above and Mr. Jackson's opening and reply briefs, the judgment and conviction and the district court's denial of the motion to suppress should be vacated and the matter remanded with instructions to suppress the evidence from the trunk and the cell phones.

           Respectfully,

           */s/ Susan M. Lin*
           Susan M. Lin
           Counsel for DeAndre Jackson

Cc: AUSA Kevin Jayne & Sandra Urban (via ECF)
   Attorney Todd Fiore (via email)

---

[3] Recording of Oral Argument at 46:03-46:19, *available at* https://www.ca3.uscourts.gov/oral-argument-recordings (last visited May 16, 2024).